INHABITANTS OF MONTICELLO *vs.* GEORGE W. LOWELL & others.

Aroostook. Opinion December 24, 1879.

*Treasurer's bond—breach of.*

An omission on the part of a town treasurer to render the detailed report prescribed in R. S., c. 3, § 31, constitutes a breach of his official bond.

A neglect or refusal of a town treasurer to render an account of the state of the finances of his town and exhibit all the books and accounts pertaining to his office to the municipal officers thereof whenever required, constitutes a breach of his official bond.

A neglect or refusal of a town treasurer to pay town orders presented to him for payment when he has funds of the town in his hands, constitutes a breach of his official bond.

A town treasurer neglected and refused to account for town funds in his hands when required by the municipal officers as provided in R. S., c. 6, § 152, and refused to pay town orders duly presented, when in fact he had in his hands $506 of the town's funds received in the ordinary way from the collection of taxes. In an action upon the treasurer's bond, *Held:* That the destruction of such money thus unlawfully detained, by an accidental burning of his house containing it, two weeks after his office expired, is no defense ; nor is the unauthorized setting apart of such money for the equalization fund.

ON EXCEPTIONS.

DEBT on the official bond of George W. Lowell, treasurer of the town of Monticello.

The facts sufficiently appear in the opinion. After the evidence was all in, the presiding justice ruled that admitting the evidence for the defense to be true, it constituted no defense in law, and directed a verdict for the plaintiffs for the amount claimed, $567.11, to which the defendants alleged exceptions.

*Madigan & Donworth* for the plaintiffs.

*J. B. Hutchinson* (*Powers & Powers* with him) for the defendants.

SYMONDS, J. This is an action of debt on the official bond of the treasurer of the town of Monticello for the municipal year 1876. The defendant, Lowell, was the treasurer, and gave the bond as principal, the other defendants as sureties. The plea of *non est factum* was filed by the defendants with a brief statement alleging full performance of the condition of the bond. This condition was, that the treasurer should well and faithfully perform all the duties of his office.

Some of these duties are defined by the statutes, and the following is one of the statutory requirements. R. S., c. 3, § 31 : "The selectmen, treasurer, and every other person charged with the expenditure of the money of any town, shall, on or before the morning of the annual meeting in each year, make detailed written or printed reports of all their financial transactions for, or in behalf of, the town during the municipal year immediately preceding . . . . ."

No such report was made by the defendant, Lowell, during the

year in which he held the office of treasurer, and in this respect, therefore, he failed to discharge an important duty of his office and the condition of the bond was broken.

R. S., c. 6, § 152, provide that "every treasurer shall render an account of the state of the finances of his town and exhibit all the books and accounts pertaining to his office to the municipal officers thereof . . . when required . . ."

Two of the selectmen testify—and their testimony on this point is not denied by the defense—that on several occasions they requested to see the books of the treasurer, in order to compare them with the town books, but that he did not exhibit them, nor produce them when they met with him for settlement, and they did not see them during his term of office. In March, 1877, prior to the annual meeting at the close of the municipal year, he was required to account to the municipal officers. He did not produce his books and did not account truly. He admitted only about $6 in his hands, while, as he now states, he had $500 more of the money of the town in his possession, received from collections of taxes, of which he gave no account whatever. Orders were drawn on him as treasurer, and were accepted, so that the town became liable for interest upon them. They were not paid, and in some instances the reason assigned was that he had no money to pay them with; while his present statement is that during this same period he had $500 of the moneys of the town deposited at his house for safe keeping, for the subsequent loss of which by fire he asks now to be relieved from the forfeiture of the bond. Having the funds of the town in his hands at the time, it was his legal duty to pay these orders when presented, and his neglect and refusal to do so was a breach of the condition of his bond. He and his sureties at once became liable thereon for the $500, which he had in his keeping, for which he did not account, and which he refused to pay on orders presented. The right of action was then complete and such moneys of the town were then recoverable in an action like this. The liability was fixed at that time, and it is no defense against such liability to say that the money thus illegally detained by the treasurer was subsequently lost in the destruction of his house by fire. When the fire occurred,

April 9, but very little of it, if any, ought to have been in his hands at all, and none of it ought to have been there unaccounted for to the selectmen. Nor would it have been, if the obligation of the bond had been kept.

The attempt to distinguish the $500 from other moneys of the town, as a fund set apart for the benefit of soldiers, wholly fails upon the evidence.

In the first place, the defendant, the treasurer, received no moneys from the state for such a purpose, nor was any such fund kept separate, and transmitted to him, as such, by his predecessor in office. The whole $500 was money received in the ordinary way from the collections of taxes. He had no authority to withdraw it, or to divert it, from the legal municipal uses for which it was raised, and hold it as a separate fund for a specific purpose.

In the second place, if he had had such authority, it would have been his duty to account for it, quite as much as if it had been a part of the general funds of the town.

The claim, therefore, that the defendant had set apart the $500 as a distinct fund to be used only for a single purpose, is without avail, because the separate fund was one of his own creation, without authority; and because in any event it was a breach of his bond not to account for it.

The case shows, without contradiction, that the defendant in March, 1877, acknowledged a small indebtedness to the town as before stated, besides the $500, and allowing interest on these sums from the date when the breach of the bond occurred, it is apparent that the amount for which the verdict was directed was not too large.

*Exceptions overruled.*
*Judgment on the verdict.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and PETERS, JJ., concurred.